Matter of Abigail M. (Yeimy S.) (2022 NY Slip Op 03991)

Matter of Abigail M. (Yeimy S.)

2022 NY Slip Op 03991

Decided on June 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022

Before: Gische, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Docket No. NN-26123/16, NN-26124/16, NN-26125/16 Appeal No. 16160-16160A Case No. 2021-00610 

[*1]In the Matter of Abigail M., and Others, Children Under Eighteen Years of Age, etc., Yeimy S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Davis Polk & Wardwell LLP, New York (Daniel J. Thomson), and The Bronx Defenders, Bronx (Saul Zipkin of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about January 26, 2021, to the extent it brings up for review the order of fact-finding, same court and Judge, entered on or about the same date, finding that respondent mother neglected the subject children, unanimously affirmed, without costs. Appeal from the order of fact-finding, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence which showed that the mother was experiencing mental illness, diagnosed as bipolar disorder, which required emergency psychiatric hospitalization and affected her judgment to the extent that she was unable to care for the children, then nine years old, two years old, and three months old (see Matter of Ruth Joanna O.O. [Melissa O.], 149 AD3d 32, 40-43 [1st Dept 2017], affd 30 NY3d 985 [2017]; Matter of Isaiah M. [Antoya M.], 96 AD3d 516 [1st Dept 2012]). The hospital records demonstrate that the mother showed signs of disordered thinking, and the caseworker's testimony shows that, before her hospitalization, the mother had left the shelter where she was residing with the three children, without any plan for where they would stay, any provisions, financial resources, or clothing. At the hospital, she refused ACS's attempts to transport her and the children to obtain shelter on a cold and rainy night, and later was unable to participate in devising a plan for the children's care. This placed the children at serious risk of imminent harm and demonstrated a failure to provide a minimum degree of care (Family Court Act § 1012[f][i]; § 1046[b][i]; Nicholson v Scoppetta, 3 NY3d 357, 368-369 [2004]; Matter of Isaiah M. [Antoya M.], 96 AD3d at 516; Matter of Chance Y. [Danielle Y.], 176 AD3d 424 [1st Dept 2019], lv denied 34 NY3d 911 [2020]; Matter of Dominique R. [Denise S.], 167 AD3d 422 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 21, 2022